# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

In the Matter of the Trusteeship
Created by LNR IV, Ltd, and
LNR CDO IV, Corporation,
Relating to the Issuance of Notes
In the Original Aggregate Principal
Amount of $1,279,038,000

### MEMORANDUM OF LAW & ORDER
### Civil File No. 12-2789(MJD/JSM)

_____

Andrew M. Luger and Erin Sindberg Porter, Greene Espel PLLP, Brian S. Fraser, Daniel L. Stein, and Grace C. Wen, Richards Kibbe & Orbe LLP, Counsel for Morgan Stanley & Co, LLC.

Ana Chilingarishvili, Clark T. Whitmore, James F. Killian, JoLynn M. Markison, and Martin S. Fallon, Maslon Edelman Borman & Brand, LLP, Counsel for U.S. Bank National Association.

Adrienne C. Baranowicz, Gary F. Eisenberg, and Keith W. Miller, Perkins Coie LLP, Malika Kanodia and Terrence J. Fleming, Lindquist & Vennum PLLP, Todd C. Pearson, Pearson Law Office, Counsel for LNR CDO IV, LLC (f/k/a LNR CDO IV Corporation), LNR Partners, LLC (f/k/a LNR Partners, Inc.), LNR Securities Holdings, LLC, LNR Securities Preferred, LLC, and Diesel Ltd.

_____

## I.     INTRODUCTION

This matter is before the Court on Party In Interest Morgan Stanley & Co.,

LLC's Motion To Transfer Venue to the Southern District of New York.  [Docket

No. 10]  This matter is also before the Court on LNR CDO IV, LLC (f/k/a LNR

CDO IV Corporation), LNR Partners, LLC (f/k/a LNR Partners, Inc.), LNR

Securities Holdings, LLC, LNR Securities Preferred, LLC, and Diesel Ltd.'s

Motion to Remand.  [Docket No. 31]  The Court heard oral argument on January

18, 2013.  For the reasons that follow, the Court denies the motion to remand,

grants the motion to transfer venue, and transfers this case to the United States

District Court for the Southern District of New York.

II.     BACKGROUND

        A.     Factual Background

               1.  The Parties

        Petitioner U.S. Bank National Association ("U.S. Bank") is a national

banking association organized under the laws of the United States.  (Luger Decl.,

Ex. E.)  U.S. Bank's corporate trust headquarters are located in St. Paul,

Minnesota.  (Id.)  U.S. Bank is the successor Trustee for the trusts at issue.  (Id.)

        Party In Interest Morgan Stanley & Co., LLC ("Morgan Stanley") is a

corporation incorporated in Delaware and has its principal place of business in

New York, New York.  (Id., Exs. F and G.)

               2.  The March 2, 2006 Indenture

In February 2006, LNR CDO IV Ltd., as Issuer, and LNR CDO IV Corporation, as Co-Issuer (collectively "LNR Co-Issuers") offered for sale classes of notes that were secured primarily by a pool of commercial mortgage-backed securities.  (Luger Decl., Ex. A.)  The Issuer, LNR CDO IV Ltd., is an exempt limited liability company incorporated under the laws of the Cayman Islands.  (Id., Ex. A.)  The Co-Issuer, LNR CDO IV Corporation, is a Delaware corporation and has no prior operating history.  (Id.)

The notes were issued pursuant to the March 2, 2006 Indenture.  (Luger Decl., Ex. B.)  The parties to the Indenture were the LNR Co-Issuers and the Trustee, LaSalle National Bank Association.  (Id.) At some time after the offering, U.S. Bank succeeded LaSalle as the Trustee.  (Id., Ex. E.)

The Co-Issuers issued non-recourse notes in the original aggregate principal amount of $1,279,038,000.  (Id., Ex. B.)  The notes were issued in several classes that had different terms and different rates of interest and priorities of repayment.  (Id., Ex. B and E.)  Morgan Stanley holds Class A Notes.

### 3.  Indenture Language At Issue

The Indenture provides for two separate priorities of payments for the payment of principal and interest for each class of Notes.  (Id., Exs. B and E.)  The

priority of payments depends on whether the indebtedness evidenced by the

Notes has been accelerated.  (Id., Exs. B and E.)  If indebtedness has not been

accelerated, the payment of all principal and interest is due on higher-priority

notes before any principal is paid on lower-priority notes (the "Non-Accelerated

Priority of Payments").  (Id., Ex. B.)  If indebtedness has been accelerated, no

further payments of either principal or interest shall be paid to junior classes

until all principal and interest owed to Class A notes have been paid in full (the

"Accelerated Priority of Payments").  (Id.)

It is undisputed that a default event occurred under the Indenture.  (Id.,

Exs. C and E.)  In response, Morgan Stanley issued a Declaration of Acceleration

of the indebtedness pursuant to the Indenture.  (Id., Ex. E.)

The Trustee, U.S. Bank, determined that the Indenture required it to

rescind the Declaration of Acceleration.  (Id.)  The Trustee also determined that

rescission made the Non-Accelerated Priority of Payments applicable, instead of

the Accelerated Priority of Payments.  (Id.)  This permits the Trustee to make

interest payments to Holders of subordinated notes before Holders of Class A

notes, like Morgan Stanley, have been paid in full.

Several LNR entities submitted a response to U.S. Bank rejecting Morgan

Stanely's position and reiterating the requirements to rescind and annul the

acceleration.  (Siddiqui Decl. ¶ 16 and Ex. E.)

### B.  Procedural Background

On or about October 9, 2012, Petitioner U.S. Bank filed a Petition for

Instruction in the Administration of Trust Pursuant to Minn. Stat. § 510B.16 in

the State of Minnesota, Second Judicial District, District Court, Court of Ramsey

County.  The Trustee sought instruction from the Minnesota State Court

approving its interpretation of the Indenture.  (Luger Decl., Ex. E.)  The Trustee

sought an Order:

> (i) approving and ratifying the Trustee's determination that the
> Trustee is obligated to rescind the Declaration of Acceleration and
> all of its consequences; (ii) approving and ratifying the Trustee's
> determination that the subordination provisions [ ] do not currently
> apply to prohibit a distribution by the Trustee in accordance with
> the Non-Accelerated Priority of Payment [ ]; and (iii) approving
> payment from the Trust of any fees and expenses incurred by the
> Trustee in connection with this Petition, notwithstanding any
> limitations on such payment set forth in this Indenture.

(Id.)

The Petition was filed pursuant to the Minnesota State Statutory Trust

Instruction Proceedings ("TIPs").   Id.; see also Minn. Stat. § 510B.16-.25.  On

October 10, 2012, the Minnesota State Court ordered a December 17, 2012 hearing

on the Petition and provided that parties in interest may object to the Petition by filing a memorandum of law five days before the hearing.  (Luger Decl., Ex. E.)

On November 1, 2012, Party In Interest Morgan Stanley removed the case to this Court based on diversity jurisdiction and federal question jurisdiction under the Edge Act, 12 U.S.C. § 632.  On November 12, 2012, Morgan Stanley filed a motion to transfer venue to the Southern District of New York.  [Docket No. 10]  On November 21, 2012, the LNR Parties filed a Motion to Remand the action to the Minnesota state court.  [Docket No. 31]

## III.   DISCUSSION

### A.   Motion to Remand

#### 1.   Standard

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims.  28 U.S.C. § 1447(c).  In reviewing a motion to remand, the court must resolve all doubts in favor of remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987)).  Whether

removal is deemed proper will be determined based on the record as it stands at the time of removal.  See Hatridge v. Aetna Cas. & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969).

> 2.      **Diversity Jurisdiction**

The LNR Parties assert that this Court lacks diversity jurisdiction over this matter and therefore the LNR Trusteeship case should be remanded back to the state court.  The LNR Parties argue that the diversity statute, 28 U.S.C. § 1332, requires complete diversity, and complete diversity does not exist.  The LNR Parties argue that the Court is required to review the parties' legal interests and align them on the correct side of the 'v.' for purposes of diversity of citizenship. See Dryden v. Dryden, 265 F.2d 870, 873 (8th Cir. 1959) ("It is our duty, as it is that of the lower federal courts, 'to look beyond the pleadings, and arrange the parties according to their sides in the dispute.'").  The LNR Parties reason that they have divergent interests from Morgan Stanley's interests.  In short, Morgan Stanley opposes U.S. Bank's request to rescind and annul the acceleration and the LNR Parties support the request.  Therefore, the LNR Parties argue that the Court must realign the parties and place Morgan Stanley on one side of the 'v.' and the LNR Parties on the other side.  Because the LNR Parties and Morgan

Stanley are all Delaware citizens for purposes of diversity jurisdiction and after

the realignment, are on opposite sides of the 'v.', then complete diversity is

absent and remand is required.

The Court rejects the LNR Parties' rationale and finds that diversity

jurisdiction exists.  In order to determine whether federal subject matter

jurisdiction exists and removal is appropriate, a court examines the

circumstances at the time that the state petition is filed and when the petition for

removal is filed.  See, e.g., Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th

Cir. 2011).  Events that occur after this time do not change the analysis.  See Ryan

v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (per curiam)

("[L]ater events do not deprive a court of jurisdiction over parties who were

properly aligned in the first instance."); Karnatcheva v. JPMorgan Chase Bank,

N.A., Civil No. 11-3452, 2012 WL 1657531, at *1 (D. Minn. May 11, 2012)

("Whether removal is deemed proper will be determined based on the record as

it stands at the time of removal.").

The Court finds that complete diversity existed at all relevant times.  At

the time of removal, the only parties who appeared in the action were U.S. Bank,

a citizen of Minnesota, and Morgan Stanley, a citizen of Delaware and New York.

Thus, complete diversity existed at that time. The LNR Parties' appearance after the case was removed does not deprive the Court of diversity jurisdiction.

The Court disagrees with the LNR Parties' argument that the Court must "realign" the parties. The proper alignment of the parties places U.S. Bank, the Trustee, on one side of the 'v.' and the parties in interest on the other side. See In re Trusteeship Created by Alaska Indus. Dev. & Expert Auth., Civil No. 10-2996 (DSD/JJG), 2010 WL 4811899, at *1 (D. Minn. Nov. 19, 2010) (noting that action filed by U.S. Bank in Minnesota State Court pursuant to Minn. Stat. § 501B.16 was timely removed by Respondents who were three citizens of Alaska).

Because complete diversity exists between the parties, the Court finds that it has diversity jurisdiction over this matter, and therefore the Court denies the LNR Parties' motion to remand.

### 3. Federal Question Jurisdiction

The LNR Parties argue that this Court lacks federal question jurisdiction over this matter and therefore the case should be remanded back to the state court. The Court need not address whether federal question jurisdiction exists because the Court finds that it has diversity jurisdiction over this matter.

### B. Motion to Transfer

Morgan Stanley seeks to transfer the case to the United States District

Court for the Southern District of New York.  U.S. Bank and the LNR Parties

oppose the transfer.

### 1.   Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and

witnesses, and in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought."  "In

general, federal courts give considerable deference to a plaintiff's choice of forum

and thus the party seeking a transfer under section 1404(a) typically bears the

burden of proving that a transfer is warranted."  Terra Int'l, Inc. v. Miss. Chem.

Corp., 119 F.3d 688, 695 (8th Cir. 1997).  When considering a motion to transfer,

the Court must consider three factors: "(1) the convenience of the parties, (2) the

convenience of the witnesses, and (3) the interests of justice."  Id. at 691.

However, "such determinations require a case-by-case evaluation of the

particular circumstances at hand."  Id.

In determining whether transfer is appropriate, the Court is not limited to

the 1404(a) factors.  Instead, the Court can consider a number of factors,

including a valid and applicable forum selection clause.  Terra Int'l Inc., 119 F.3d

688.  "The determination of whether to transfer venue "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.

### 2.    Convenience of the Parties and the Witnesses

When analyzing the convenience prong, courts typically consider "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Terra Int'l, Inc., 119 F.3d at 696.

### a.  Convenience of the Parties

"When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience . . ." In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003).  When the potential inconvenience to the parties is comparable, "the tie is awarded to the plaintiff."  Id.

Here, Trustee U.S. Bank maintains that it will be inconvenienced by travelling to New York because its trust department resides in Minnesota.  In

11

contrast, Morgan Stanley reasons that the real party in interest – itself – resides in

New York and not Minnesota, and therefore it would be inconvenienced by

travelling to Minnesota.  Morgan Stanley maintains that U.S. Bank has no

independent stake in the action and notes that no other Noteholders have

appeared in the action to date.

The Court acknowledges the potential inconvenience to Trustee U.S. Bank

if the case is transferred, however, the Court finds that the convenience of the

parties factor weighs in favor of transfer to the Southern District of New York.

The Indenture at issue includes a forum selection clause whereby the parties

agreed to waive any argument that the Southern District of New York is an

inconvenient forum.  The Indenture states in part:

> Section 14.10 <u>SUBMISSION TO JURISDICTION.</u>  THE CO-
> ISSUERS AND THE TRUSTEE HEREBY IRREVOCABLY SUBMIT
> TO THE NON-EXCLUSIVE JURISDICTION OF ANY FEDERAL OR
> NEW YORK STATE COURT SITTING IN THE BOROUGH OF
> MANHATTAN IN THE CITY OF NEW YORK IN ANY ACTION
> OR PROCEEDING ARISING OUT OF OR RELATING TO THE
> NOTES OR THIS INDENTURE, AND THE CO-ISSUERS AND THE
> TRUSTEE HEREBY IRREVOCABLY AGREE THAT ALL CLAIMS
> IN RESPECT OF SUCH ACTION OR PROCEEDING MAY BE
> HEARD AND DETERMINED IN SUCH FEDERAL OR NEW YORK
> STATE COURT.  <u>THE CO-ISSUERS AND THE TRUSTEE HEREBY</u>
> <u>IRREVOCABLY WAIVE, TO THE FULLEST EXTENT THAT THEY</u>
> <u>MAY LEGALLY DO SO, THE DEFENSE OF AN INCONVENIENT</u>
> <u>FORUM TO THE MAINTENANCE OF SUCH ACTION OR</u>

PROCEEDING.

(Luger Decl., Ex. B at 126 (emphasis added).)  The Court finds that U.S. Bank, as

successor Trustee, waived any argument that the Southern District of New York

is an inconvenient forum.  See, e.g., iNet Directories, LLC v. Developershed, Inc.,

394 F.3d 1081, 1082 (8th Cir. 2005) (per curiam) (because contract stated that

parties waived any objection to litigate in Missouri state court, party was

"unambiguously prohibited . . . from objecting to venue" there); Drapeau v.

Airpax Holdings, Inc. Severance Plan, No. 11-cv-64 (DWF/JSM), 2011 WL

3477082, at *4 (D. Minn. Aug. 9, 2011) (where parties agreed to forum selection

clause and waived any objection to laying venue in Illinois, court determined

that "the interests of justice [would] be served by honoring the forum selection

clause" and transferred the case to the Northern District of Illinois); Lyon Fin.

Servs., Inc. v. Walls, No. 10-cv-3788 (RHK/AJB), 2011 WL 117239, at *2 (D. Minn.

Jan. 13, 2011) (finding it "difficult to accept Defendants' contention that litigating

[in forum] would be grossly inconvenient when they . . . expressly waived the

defense of inconvenient forum" in forum selection clause).

The LNR Parties argue that the convenience factor does not weigh in favor

of transferring the case because Morgan Stanley's motion fails to consider the

convenience of any other Noteholders.  The LNR Parties argue that the Court

must take into consideration the convenience of these other unknown

Noteholders.  Neither U.S. Bank nor the LNR Parties have identified any

Noteholder that is a citizen of Minnesota and in the record before the Court,

there is no Minnesota Noteholder that has appeared in this action.

Therefore, this factor strongly weighs in favor of transfer.

### b.  Convenience of the Witnesses

The convenience of the witnesses also weighs in favor of transfer.  In the

record before the Court, the parties have not identified a specific witness that

resides in Minnesota.  Although Trustee U.S. Bank's trust department is located

in Minnesota, the record shows that U.S. Bank directed Noteholders to submit

inquiries regarding the distributions under the Indenture in writing to a trust

officer located in Illinois.  (Luger Decl., Exs. D and E.)  The LNR Parties argue

that U.S. Bank may call witnesses from its Illinois or Minnesota offices and it

would be more convenient for those witnesses to travel to Minnesota than New

York.  Neither U.S. Bank nor the LNR Parties have identified a single witness

located in Minnesota.  Moreover, U.S. Bank did not even suggest that there are

possible U.S. Bank witnesses located in Minnesota in its own opposition to the

14

motion to transfer.

With respect to other witnesses, Morgan Stanley maintains that its

employees who were involved in the transaction are based in New York.

Likewise, the four banks that managed the issuance of the notes are located in

New York.  The Co-Issuers' employees and legal counsel are located in various

states other than Minnesota, including New York.  (Luger Decl., Ex. A.)

The LNR Parties submitted a declaration from Erik D. Klingenberg , "the

principal attorney involved in the preparation and drafting of the indenture on

behalf of Issuer and Co-Issuer."  (Klingenberg Decl. ¶ 4.)  In opposing the motion

to transfer, the LNR Parties represent that Attorney Klingenberg "will appear in

Minnesota to testify if necessary."  [Docket No. 42 at 15]  The LNR Parties

conclude that Attorney Klingenber's willingness to travel to Minnesota renders

Morgan Stanley's argument regarding out of state witnesses being unwilling to

travel to Minnesota moot, and therefore transfer to New York is not warranted.

The Court notes that the LNR Parties' representation of the Klingenberg

declaration is not entirely accurate.   Attorney Klingenberg's declaration includes

several "assumptions" that must be met before he is willing to appear for live

testimony in Minnesota.  (Klingenberg Decl. ¶ 6.)  The Court finds that the

declaration does not resolve the issue of which forum is more convenient for the witnesses.

Thus, as there are no identified witnesses located in Minnesota, this factor weighs in favor of transfer.

### c.  Accessibility of the Records

The accessibility of the records is a neutral factor.  The parties have not provided the Court with information regarding the location of the records at issue.  There is no evidence, however, that any records are located in Minnesota.

### d.  Minnesota Connection

The location where the relevant conduct occurred factor weighs strongly in favor of transfer.  Although U.S. Bank filed its initial Petition for Instruction in the Administration of Trust in the State of Minnesota, there is no other connection to Minnesota.  The record indicates that the negotiation and drafting of the Indenture was completed in New York.  Additionally, all identified potential witnesses are located outside of the State of Minnesota.

### 3.  Interests of Justice

When analyzing the interests of justice, courts typically consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs

16

to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law."  Terra Int'l, Inc., 119 F.3d at 696.

### a.   Judicial Economy

The judicial economy factor weighs slightly in favor of transfer.  Other than reviewing the submissions and holding oral argument for the present motion, this Court has not yet invested resources in this case.  Transfer would not entail duplication because the case is at a very early stage.  Party In Interest Morgan Stanley has not responded to Trustee U.S. Bank's petition and the parties have not even conducted the pretrial scheduling conference before the Magistrate Judge.  Both courts are equipped to handle this case.

### b.   The Plaintiff's Choice of Forum

Although Trustee U.S. Bank's corporate trust headquarters are located in Minnesota, the Court does not give its choice of forum significant weight.  U.S. Bank waived any objection to venue in New York when it became the successor trustee to the Indenture containing a forum selection clause.  Additionally, a plaintiff's choice of forum is afforded "significantly less deference" when the

underlying events giving rise to the litigation did not occur in the forum.  See

Nelson v. Soo Line R.R., 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999).  The record

indicates that none of the underlying events occurred in Minnesota.

### c.    The Comparative Costs to the Parties of Litigating in Each Forum

This factor is neutral.  There is no evidence before the Court that

demonstrates that cost would prevent either party from litigating in either

forum.

### d.    Ability to Enforce a Judgment, Obstacles to a Fair Trial, and Conflict of Law Issues

These factors are neutral.  There does not appear to be an issue with any of

these factors.

### e.    The Advantages of Having a Local Court Determine Questions of Local Law

This factor weighs in favor of transfer.  The Indenture at issue includes a

choice of law provision whereby the parties agreed that New York law governs.

The Indenture states in part:

> Section 14.9 GOVERNING LAW.  THIS INDENTURE AND
> EACH NOTE SHALL BE CONSTRUED IN ACCORDANCE WITH
> AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK
> APPLICABLE TO AGREEMENTS MADE AND TO BE
> PERFORMED THEREIN WITHOUT REGARD TO THE CONFLICT

OF LAWS PRINCIPLES THEREOF.

(Luger Decl., Ex. B at 126.)  The record before the Court indicates that the

underlying dispute centers on the interpretation of the Indenture.  Trustee

U.S. Bank's petition states several times that it filed the underlying petition

in order to obtain a court order approving its interpretation of the

Indenture and the actions it proposes to take based on that interpretation.

(Luger Decl., Ex. E at ¶¶ 11, 17-18.)  Therefore, the Court concludes that

New York law would apply.

The Court acknowledges that Trustee U.S. Bank filed its petition under

Minnesota Statute § 501B.16.  U.S. Bank and the LNR Parties argue that the

Minnesota State Court's familiarity with this statute renders transfer improper.

U.S. Bank and the LNR Parties maintain that the statute provides unique

procedural rules regarding notice and opportunity to be heard.  U.S. Bank and

the LNR Parties, however, have not identified any unique procedural rules or

protections offered by the Minnesota statute that are not provided by the Federal

Rules of Civil Procedure.

Further, U.S. Bank raised a similar argument in another case before the

District of Minnesota, and the Court in that case rejected the argument and

granted the motion to transfer.  See In re Trusteeship Created by Alaska Indus.

Dev. & Expert Auth., Civil No. 10-2996 (DSD/JJG), 2010 WL 4811899, at *4 (D.

Minn. Nov. 19, 2010) (Minnesota Statute § 501B.16 "is not so difficult or unclear

as to render the District of Minnesota uniquely qualified to interpret it.

Moreover, the federal court in Minnesota has no particular expertise in applying

the state law at issue in this case. . . . Therefore, this factor is neutral.").  The

Court concludes that this is not sufficient to warrant denying the motion to

transfer.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.  LNR CDO IV, LLC (f/k/a LNR CDO IV Corporation), LNR Partners, LLC (f/k/a LNR Partners, Inc.), LNR Securities Holdings, LLC, LNR Securities Preferred, LLC, and Diesel Ltd.'s Motion to Remand  [Docket No. 31] is **DENIED**.

2.  Morgan Stanley's Motion to Transfer Venue [Docket No. 10] is **GRANTED**.

3.  This matter is transferred to the United States District Court for the Southern District of New York.


Dated:   April 3, 2013                          s/ Michael J. Davis
                                                Michael J. Davis
                                                Chief Judge
                                                United States District Court